# CIRCUIT COURT OF THE CITY OF ROANOKE

Commonwealth of Virginia

v.

Dennis Sikora

June 7, 1996

Case No. CR96-498

BY JUDGE ROBERT P. DOHERTY, JR.

The Defendant, by pre-trial motion, challenges the state and the federal constitutionality of § 18.2-60.3(a), Code of Virginia (1950), as amended, which is Virginia's stalking statute. Specifically, the Defendant alleges that the statute is both vague and overbroad. I find that it does not suffer from either of these constitutional infirmities.

The case of *Woolfolk v. Commonwealth*, 18 Va. App. 840 (1994), is directly on point, although it construes the 1992 version of Va. Code § 18.2-60.3 and not the current amended version that is the subject of Defendant's motion. In *Woolfolk*, at page 851, the Court said that:

> By requiring a specific intent in conjunction with more than one overt act, the statute gives a person of ordinary intelligence a reasonable opportunity to know what is proscribed.

I find, with regard to the current version of § 18.2-60.3, "the terms of the statute, when measured by common understanding and practices, sufficiently warn a person as to what behavior is prohibited . . ." therefore "the statute is not unconstitutionally vague." *Woolfolk*, at 849.

Insofar as the Defendant's claim that the statute is overbroad, I find that *Woolfolk, supra*, is also applicable. That Court, quoting from *City Council v. Taxpayers for Vincent*, 466 U.S. 789, 800-01 (1984), stated that "the mere fact that one can conceive of some impermissible application of a statute is not sufficient to render it susceptible to an overbreadth challenge." Citing *Pederson v. City of Richmond*, 219 Va. 1061, 1065 (1975), the Court went on

to say that "if a statute can be made constitutionally definite by a reasonable construction, the Court is under a duty to give it that construction." Applying those principles to the current version of § 18.2-60.3, I find that the statute only proscribes conduct that has "no legitimate purpose." Consequently, § 18.2-60.3 is not unconstitutionally overbroad.

Defendant's motion to declare § 18.2-60.3 to be unconstitutional for overbreadth and for vagueness is denied.